OPINION *Page 2 
{¶ 1} Appellant Rita B. Showalter appeals her conviction for assault in the Municipal Court, Delaware County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 26, 2006, Melissa Gillette drove her vehicle to a gas station on London Road in the City of Delaware. Her passengers that day were her two daughters (ages 4 and 6), as well as her cousin Jamie Eggleston and Jamie's son (age 3). When Gillette went inside the station's convenience store, she noticed appellant and co-defendant Robyn Miller, one of whom stated to Gillette that she was "going to get her ass kicked."[1] As Gillette exited the store, appellant confronted her and accused her of being in a previous traffic accident involving one of appellant's friends. Gillette proceeded to her car and started to pull away. However, appellant got in her van and blocked Gillette's vehicle.
 {¶ 3} Appellant thereupon got out and came toward Gillette's car. Co-defendant Miller then joined the scuffle. Appellant and Miller managed to pull Gillette from her vehicle and began striking her with their hands and feet. Miller also grabbed Gillette's pepper spray and shot the chemical on Gillette, one of Gillette's children, and Jamie Eggleston.
 {¶ 4} Gillette was finally able to get her passengers back in the car and maneuver to a safe area down the street. Delaware police officers were summoned, who took photographs of the injuries to Gillette and her daughter. *Page 3 
 {¶ 5} Appellant was arrested about one month later and charged with two counts of misdemeanor assault. After several continuances, the matter proceeded to a jury trial October 19, 2006, with the case being consolidated with that of co-defendant Robyn Miller. The jury found appellant guilty on one count of assault, i.e., assaulting Gillette. Appellant was thereafter sentenced to fifteen days in jail and placed on one year of community control.
 {¶ 6} On October 27, 2006, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE MISCONDUCT OF THE PROSECTING (SIC) ATTORNEY IN FAILING TO PROVIDE THE APPELLANT WITH A COPY OF THE PRIOR FELONY RECORD OF MS. MELISSA GILLETTE DENIED HER A FAIR TRIAL IN VIOLATION OF HER RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION." I. {¶ 8} In her sole Assignment of Error, appellant contends that prosecutorial misconduct in this case deprived her of her constitutional right to due process of law. Appellant's specific argument concerns the lack of prosecutorial disclosure of victim/witness Gillette's prior felony record, purportedly consisting of three counts of aggravated assault in the Montgomery County Court of Common Pleas, under the name "Melissa Gray."
 {¶ 9} "When reviewing assertions of prosecutorial misconduct in connection with the prosecutor's alleged suppression of evidence, the key issue is whether the evidence suppressed is material. Such evidence is material only if a reasonable *Page 4 
probability exists that the result of the trial would have been different had the prosecution disclosed such evidence to the defense."State v. Green, Cuyahoga App. No. 81232, 2003-Ohio-1722, ¶ 20, citingBrady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. In order to establish a Brady violation, a defendant must prove that the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. State v.Garn (Feb. 21, 2003), Richland App. No. 02CA45, ¶ 23, citing Moore v.Illinois (1972), 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706.
 {¶ 10} The record in the case sub judice reveals that appellant's request for discovery, filed May 5, 2006, sought discovery of "all items, evidence and witnesses to be used at trial in this matter." Absent from this request is any reference to the witnesses' criminal histories. Appellant presently relies on an affidavit sworn by her trial counsel on November 2, 2006, in which counsel avers that she had requested records of the State's witnesses' criminal convictions. However, this affidavit was not prepared until after appellant's conviction, and, more importantly, after appellant's notice of appeal in this matter.
 {¶ 11} Our review on appeal is limited to those materials in the record that were before the trial court. See, e.g., State v.DeMastry, 155 Ohio App.3d 110, 119-120, 799 N.E.2d 229, 2003-Ohio-5588, citing State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. We find appellant's present attempt to demonstrate, via the aforesaid affidavit, that she had duly "requested" Gillette's felony record, is information dehors the record. As such, appellant's claim of aBrady violation is without merit under the circumstances of this appeal. *Page 5 
 {¶ 12} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Delaware County, Ohio, is hereby affirmed.
 By: Wise, J. Hoffman, P. J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Appellant later testified that Gillette was likewise threatening appellant during the event. *Page 1